IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PRINCE RICHARD, )<br>#R17418 )<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>JB PRITZKER, )<br>BRUCE RAUNER, )<br>JOHN BALDWIN, )<br>ROB JEFFREYS )<br>FRANK LAWRENCE, )<br>JACQUELINE LASHBROOK, )<br>ILLINOIS DEPARTMENT OF )<br>CORRECTIONS, )<br>LISA MADIGAN, and )<br>KWAME RAOUL, )<br>)<br>    Defendants. ) | Case No. 19−cv−1308−SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Prince Richard, an inmate currently incarcerated at Menard Correctional Center ("Menard"), has filed a putative class action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights related to conditions throughout the Illinois Department of Corrections ("IDOC") (Doc. 1). Before the Court is Plaintiff's Motion for Preliminary Injunction/TRO. (Doc. 2). For the following reasons, the Motion is **DENIED without prejudice**.

In the Motion and the Complaint, Plaintiff asserts that he and an indefinite class of other IDOC inmates are being denied a variety of protections, services and items due to the IDOC system being overcrowded, understaffed and underfunded. Specifically, he alleges denial of access to adequate medical care, denial of adequate clothing, exposure to cold temperatures, delays in getting mail, having mail opened outside his presence, denial of an adequate grievance system,

1

denial of adequate access to the law library, denial of adequate food, inadequate access to vocational programs, exposure to a generally violent atmosphere, double-celling of seriously mentally ill ("SMI") inmates, exposure to excessive use of force and being intimidated by representatives of the Illinois Attorney General's Office into accepting settlement offers in cases. (Doc. 1, pp. 6-8, 10-13, 15-17, 19-29, 32-33, 40-41). Plaintiff's requested injunctive relief is "that the Illinois prison population be ordered to be reduced[.]" (Doc. 2, p. 10).

## Discussion

To obtain injunctive relief, whether through a temporary restraining order ("TRO") or preliminary injunction under Rule 65(a) or (b) of the Federal Rules of Civil Procedure, Plaintiff must demonstrate that (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the relief. *Merritte v. Kessel*, 561 F. App'x 546, 548 (7th Cir. 2014) (*citing Woods v. Buss,* 496 F.3d 620, 622 (7th Cir. 2007)). Further, the Prison Litigation Reform Act ("PLRA") requires that any grant of preliminary injunctive relief or TRO "shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs" and cannot issue "unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(2).

A TRO is an order issued without notice to the party to be enjoined that may last no more than fourteen days. A TRO may issue:

> only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b). Plaintiff has not filed either a verified Complaint or an affidavit in this matter. As such, a TRO cannot issue.

Plaintiff also fails to adequately establish the elements for his requested injunction. Plaintiff is requesting an order that the prison population be reduced – in other words, that prisoners be released. The PLRA provides that "no court shall enter a prisoner release order unless…(i) a court has previously entered an order for less intrusive relief that has failed to remedy the deprivation of the Federal right sought to be remedied through the prisoner release order; and (ii) the defendant has had a reasonable amount of time to comply with the previous court orders." 18 U.S.C. § 3626(a)(3)(A). Additionally, "[a] party seeking a prisoner release order in Federal court shall file with any request for such relief, a request for a three-judge court and materials sufficient to demonstrate that the requirements of subparagraph (A) have been met." 18 U.S.C. § 3626(a)(3)(C). Plaintiff has not filed materials sufficient to demonstrate that less intrusive relief has previously been ordered against Defendants and that Defendants have had a reasonable amount of time to comply with such order(s). Therefore, he has not demonstrated an entitlement to the requested preliminary injunctive relief.

Accordingly, Plaintiff's Motion for Preliminary Injunction/TRO (Doc. 2) is **DENIED without prejudice**. Plaintiff's Complaint will be screened under 28 U.S.C. § 1915A via separate order

**IT IS SO ORDERED.**

**DATED: December 4, 2019**

**s/ STACI M. YANDLE**
**United States District Judge**
